Bissell, J.,
delivered the opinion of the court.
After a somewhat extensive correspondence The Schumaker Piano Company shipped two pianos from their salesrooms in Philadelphia to themselves as consignees. When the terms and conditions of the transfer to the appellants, Thorne. & Griff, were completed, they received the firm acceptances at four months from the 21st of August, 1889, and indorsed the bill of lading over to them. Thorne & Griff received the pianos. About the time of the maturity of the acceptances the company became satisfied that Thorne & Griff had obtained the pianos by misrepresentations which entitled the vendors to rescind the sale. The corporation brought this suit on that basis, and by apt averments charged that the defendants represented themselves as intending and desirous to assume the agency for the piano in Denver, and held themselves out as persons competent to influence and procure a very considerable trade for such instruments. It would subserve no useful purpose to state the substance of the complaint, or the contention of the parties, other than to state in general that the dispute between the parties springs from the company’s assertions in respect of this *184 matter on the one side, and Thorne & Griff’s denials on the other. The complaint was sufficient in substance and in form, and if it has been sustained by adequate and competent proof, warrants the judgment which the court rendered.
The law applicable to the controversy is not challenged by the appellants. It is conceded that, if the evidence supports the judgment and is ample for the purpose, the law justifies the recovery. The only question thus really left for the court to pass on is whether the case comes, by reason of the absolute insufficiency of the proof, within the rule so long established in this state. At the outset it may be premised that it is exceedingly doubtful whether any question concerning the admissibility of testimony has been saved by a sufficient objection to warrant its consideration. Whatever might be the conclusion on that question, the court committed no error in refusing testimony offered on behalf of the defendants, and its interlocutory disposition of questions of evidence infringed no established rules. In the direct conflict presented by the proof, it would be entirely easy to suggest many reasons and arguments in support of a different conclusion from that reached by the court, and equally possible to present cogent ones supporting its judgment. This being true, and there being evidence on which the case can properly rest, we are not at liberty to disturb the judgment. There is no such 'complete want of testimony to support it as will warrant this court in reviewing the conclusions arrived at by the trial judge.
This disposes of all the considerations urged by counsel in their brief, and since they point to no error committed in the trial of the case the judgment will be affirmed.

Affirmed.